■ SLAVKO B. RAJCIC et al., Respondents, v. CLAIRE SISSON et al., Appellants.— In a negligence action to recover damages for personal and property injuries and for loss of services, defendants appeal from an order of the Supreme Court, Suffolk County, entered May 19, 1971, which, after a hearing, (1) granted plaintiffs' motion to dismiss from defendants' answer the defense of lack of personal jurisdiction due to faulty service of process, insofar as that defense was pleaded by defendant Claire Sisson, and (2) failed to grant the motion insofar as it was directed against the pleading of that defense by defendant Steven Sisson. Appeal dismissed insofar as it was taken by defendant Steven Sisson, without costs. That defendant was not aggrieved by the order. Upon the appeal by defendant Claire Sisson, order reversed insofar as it granted plaintiffs' motion in part, on the law and the facts, without costs, and motion denied insofar as it was directed against the pleading by defendant Claire Sisson of the defense of lack of personal jurisdiction. The process server's testimony established that he went to defendants' home seeking to serve both of them with the summons on May 20, 1970. He discovered a man in the yard who identified himself as Steven Sisson. The process server then handed him two copies of the summons and informed him that one of them was for his wife. No attempt was made by the process server to locate Mrs. Sisson or to ascertain whether she was at home. In actuality, the person served was not a party to the action, but rather Sylvester Sisson, called Steve by some people, the father of defendant Steven Sisson and the husband of the other defendant, Claire Sisson. Sylvester Sisson took the copies of the summons and gave them to his insurance broker sometime in the afternoon, prior to the time his wife and son returned home. That evening he told his wife of the service, but did not mention it to his son. At the time of the alleged service CPLR 308 (subd. 3) provided that service of a summons could be effected by substitution only if personal delivery of the summons could not be made with due diligence. Substituted service upon defendant Claire Sisson pursuant to that provision of the statute was not effective, because it was not shown that due diligence had been exercised to effectuate personal delivery of the summons to her. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.