OPINION OF THE COURT
Arthur W. Lonschein, J.
May a party at the trial of an action read into evidence the *590 deposition of one who was an adverse party at the time of the taking of the deposition but who, at the time of the trial, is no longer a party because of the voluntary discontinuance by the party who seeks to read from his deposition?
The plaintiff was a passenger in a taxicab driven by one Petsiavis, which struck a truck driven by the defendant Tellefsen. Plaintiff thereafter commenced this action against both Petsiavis and Tellefsen to recover for her injuries. Prior to trial and pursuant to CPLR article 31, the deposition of Petsiavis was taken in which he testified that his vehicle struck Tellefsen’s truck in the rear after the truck made a sudden stop. It is the testimony with respect to the sudden stop that the plaintiff seeks to place before the jury as evidence of Tellefsen’s negligence. The defendant Tellefsen objects to the admission of such proof on the ground that it does not fit within any of the categories of CPLR 3117 (subd [a]) which would permit the use of the deposition. In addition, the defendant specifically contends that Petsiavis is available to testify as a witness and is not an "adverse party” at the time of the trial since the action against Petsiavis had been discontinued prior to the trial by the plaintiff who tendered him a general release in consideration of a substantial sum of money. The plaintiff contends that such evidence is admissible since Petsiavis, at the time of the taking of the deposition, was a defendant whose examination was taken by the plaintiff as an adverse party, at which examination Tellefsen was represented by counsel who participated in the examination. In addition, the plaintiff urges the admission of the deposition on the ground that Petsiavis’ whereabouts are unknown and he is unavailable as a witness.
CPLR 3117 (subd [a]) permits the use of depositions taken before trial to be used at the trial in a number of circumstances. For example, a deposition may be used for impeachment purposes (CPLR 3117, subd [a], par 1), which is not the circumstance here. It may be used if Petsiavis is dead, more than 100 miles from the place of trial or cannot testify because of age, sickness or imprisonment (CPLR 3117, subd [a], par 3, els [i], [ii], [iii]). The plaintiff makes no contention that any of the foregoing apply to the absence of the witness. Instead, plaintiff contends that (1) the witness is an adverse party under the meaning set forth in CPLR 3117 (subd [a], par 2) and, thus, his deposition before trial is admissible on the trial, and (2) that she was unable to procure the attendance of *591 Petsiavis by "diligent efforts” and thus his testimony is admissible pursuant to CPLR 3117 (subd [a], par 3, cl [iv]).
Taking those contentions in inverse order, I find that no diligent efforts were made to obtain Petsiavis’ attendance at the trial. The sum total of those alleged diligent efforts was a telephone call to the last known address of Petsiavis wherein an unidentified female advised counsel that Petsiavis had moved and left no forwarding address. Such a meager effort does not fulfill the statutory requirement of the "diligent efforts” to procure his attendance and thus cannot fall into the category of an effort made with "due diligence”. (See Rajcic v Sisson, 39 AD2d 545.) In addition, I find no exceptional circumstances exist to permit the use of such testimony (CPLR 3117, subd [a], par 3, cl [v]) and, indeed, no motion was made prior to trial to show the existence of any exceptional circumstances. (See Richard v New York City Tr. Auth., 47 Misc 2d 669.)
As to the contention that the deposition is admissible as the testimony of an "adversely interested party” (CPLR 3117, subd [a], par 2), I find that Petsiavis is not an "adversely interested party” as defined by the statute and the deposition may not be used as such. CPLR 3117 (subd [a]) refers to the use of the deposition at the trial and specifically so states. It refers in its heading in bold letters to "parties”. I must conclude in its reference to the words "adversely interested parties” whose testimony may be used at the tried against them — be, at the time of the trial, adverse parties — that is, parties whose interests are adverse at that time.
Such is not the case in the matter at bar. The very party who now claims an adverse position with the deponent has, by her own voluntary act and for a substantial consideration, changed that position from adverse to neutral. Having done so, she must, in order to use his testimony, proceed by calling him as a witness for direct examination.
The objection is sustained.