■ AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Appellant, v LINCOLN INDUSTRIAL ENTERPRISES, INC., et al., Respondents, et al., Defendant.—In a negligence action to recover damages for the destruction of property, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Dickinson, J.), entered September 6, 1984, which, upon a trial

ruling granting the respondents' motions to dismiss the complaint at the close of the plaintiff's case, is in favor of the respondents and against it.

Judgment reversed, on the law, motions to dismiss denied, complaint reinstated, and new trial granted, with costs to abide the event.

The plaintiff American Telephone and Telegraph Company (hereinafter AT&T), alleges that the respondents acted negligently when, in the course of a sewer excavation project, the back hoe operator, the defendant Donald Decker, broke one of its underground cables, causing it to sustain damages. Prior to the trial, Decker, in response to interrogatories, had stated that he was hired at an hourly wage by the defendants Lincoln Industrial Enterprises, Inc. and Weinstock and that they failed to inform him of the location of the plaintiff's underground cable. On the first day of trial, the plaintiff's attorney was informed that the defendant Decker was discontinuing his defense as he could no longer afford his attorney's services. Thereafter, the plaintiff hired a private investigator to locate Decker and to bring him in to testify at the trial. When the investigator was informed that Decker was en route to the courthouse, but he could not be physically located, the plaintiff asked the court for a continuance of trial for one day, until the following morning. The court denied this request and proceeded to grant the respondents' motions to dismiss the complaint for failure to make out a prima facie case against them.

Under the circumstances, the plaintiff's request for the short continuance should have been granted, especially since Decker's testimony was essential to establish agency and negligence, the main issues in the case (see, e.g., Matter of City of New York v Unsafe Bldg. & Structure No. 147-21 Huxley St., 99 AD2d 533; Balogh v H.R.B. Caterers, 88 AD2d 136; cf. Chumsky v Chumsky, 108 AD2d 714). Furthermore, the record establishes that the plaintiff exercised due diligence in attempting to locate Decker, and that the continuance would not have prejudiced the respondents in any way (see, Balogh v H.R.B. Caterers, supra).

Because the matter must be remitted for a new trial, we find it necessary to address the plaintiff's other claimed trial errors.

It was error for the trial court to not allow the deposition of Decker to be read into evidence. Although Decker never signed the deposition, CPLR 3116 (a) provides that a witness

who is an adverse party shall not be required to sign the deposition if he has not done so within 30 days of the written request to have the examination signed. The record clearly establishes that the trial commenced more than 30 days after a written request was made to Decker by the plaintiff's attorney to sign his deposition (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3116:1, p 475). Additionally, we find that Decker was an adverse party for purposes of the litigation. While he had discontinued his defense, he was still required to participate in any proceedings relating to damages if liability was established. Thus, he had a monetary interest in the litigation. Moreover, the deposition was taken while Decker was indisputably an adverse party, and, thus, the deposition was admissible evidence (CPLR 3117 [a] [2]). Because the deposition was admissible, the answers to interrogatories directed to Decker were admissible as well (see, CPLR 3131; *United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254).

The trial court did not abuse its discretion when it ruled inadmissible, however, certain documentary evidence which established that the defendant Monfield Homes, Inc., completed the sewer excavation project after the accident. Such evidence would have been highly prejudicial to the defendant Monfield Homes, Inc., and would not have tended to establish that because it completed the project it was involved in it from its inception (see, *Radosh v Shipstad,* 20 NY2d 504). Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.