STATE UNIVERSITY CONSTRUCTION FUND et al., Appellants-Respondents, v KIPPHUT & NEUMAN Co., INC., Defendant, GARDNER CONSTRUCTION Co., INC., Respondent-Appellant, and KEWAUNEE SCIENTIFIC EQUIPMENT CORP., Respondent.—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: The trial court should not have permitted the jury to consider the issue of the comparative liability of plaintiff, John W. Cowper Company, Inc. The court and all parties had properly agreed that any culpable conduct

on the part of Cowper in failing to provide security on the jobsite related only to mitigation of damages and should be considered on the damages portion of the trial. When a plaintiff's culpable conduct does not cause the accident but merely aggravates the injury, the conduct is pertinent only to the issue of mitigation *(Suria v Shiffman,* 67 NY2d 87, 95, *rearg denied* 67 NY2d 918; *Spier v Barker,* 35 NY2d 444).

The court properly granted the motion of defendant Gardner dismissing plaintiffs' breach of contract and warranty causes of action, leaving only the negligence cause of action against Gardner. In its charge to the jury, however, the court submitted all of plaintiffs' theories of liability, negligence, breach of contract, and breach of warranty, without explaining which theories applied to each defendant. The court erred in not complying with Gardner's request to clarify its charge to prevent the jury from finding liability against Gardner on the theories of breach of contract and breach of warranty. The general verdict against Gardner, therefore, cannot stand.

We reject Gardner's contention that the court should have also dismissed plaintiffs' negligence cause of action because plaintiffs had no contractual relationship with Gardner. Although nonperformance of contract may not give rise to a duty to persons not a party to the contract *(see, Henry v Guastella & Assocs.,* 113 AD2d 435, 437-438, *lv denied* 67 NY2d 605), where one does perform, he assumes a duty to act carefully *(Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57, 63-64, *rearg denied* 18 NY2d 751; *Rozner v Resolute Paper Prods. Corp.,* 37 AD2d 396, 398, *affd* 31 NY2d 934; 3 Harper, James and Gray, Torts § 18.6 [2d ed]).

The court erred also in permitting plaintiffs' counsel to read into evidence the deposition of the employees of defendant, Kipphut & Neuman Co., Inc. Immediately before the trial began, Kipphut settled with plaintiffs for the sum of $25,000 and plaintiffs agreed to indemnify Kipphut for any sums exceeding the amount that Kipphut might be found to owe to defendant Gardner on Gardner's cross claim against Kipphut. Kipphut remained a party in the action.

CPLR 3117 provides, in part:

"(a) * * * [a]t the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions * * *

"2. the deposition of a party or of any one who at the time of taking the deposition was an officer, director, member, or managing or authorized agent of a party, or the deposition of

an employee of a party produced by that party, may be used for any purpose by any adversely interested party".

The language of the statute refers to two points in time. With respect to the deponent's status as an officer, director, agent or employee of a party, it refers to the time of taking of the deposition. With respect, however, to the "use" of the deposition by "any adversely interested party", the language refers back to "[a]t the trial". *(See, Nedball v Tellefsen,* 102 Misc 2d 589, 591; *contra, American Tel. & Tel. Co. v Lincoln Indus. Enters.,* 122 AD2d 925, 927.) Because Kipphut and plaintiffs were no longer "adversely interested" parties at the time of trial, CPLR 3117 (a) (2) did not permit plaintiffs to use the depositions of Kipphut employees at trial. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.— breach of contract; negligence.) Present—Callahan, J. P., Boomer, Pine, Balio and Lowery, JJ.