OPINION OF THE COURT
Alexander Graves, J.
I hereby find and decide that during the course of this trial, plaintiffs attorney proposed to read from the examination before trial of William Stotts. Since counsel was unable to establish that diligent efforts had been made to produce the attendance of Mr. Stotts at the trial, paragraph (3) of CPLR 3117 (a), allowing the use of the deposition of any person by any party for any purpose against any other party who had notice of the deposition, could not be utilized. Accordingly, *224 application was made under CPLR 3117 (a) (2), which permits the use of the deposition of a party for any purpose by any adversely interested party. Stotts had never been a party to the instant action but had brought a separate suit against both plaintiff and defendant in the instant action, and this separate suit had been consolidated with the instant action. Thereafter, Stotts’ action against Simmons and Iheme had been settled.
The attorney for defendants objected strongly to the use of Stotts’ examination before trial, citing Nedball v Tellefsen (102 Misc 2d 589). In that case, the court refused to permit plaintiff to read from the deposition of Petsiaris, the driver of the taxi in which plaintiff was a passenger, plaintiff having settled and discontinued his claim against Petsiaris after the taking of the deposition and before the trial. The court reasoned that, since plaintiff’s interest was not adverse to that of Petsiaris at the time of trial, paragraph (2) of section 3117 (a) did not apply.
In the instant action this court respectfully disagrees with the Nedball court, and the reading from Stotts’ examination before trial was permitted. Upon further consideration, the court is satisfied with its determination. The critical time at which to apply the twin criteria of being a party and adverse interest is the time of the deposition. At that time, it is in the interest of the person being deposed to make certain that his position is made known clearly and concisely. His testimony is then recorded, not to be easily modified. What difference that, when an adverse party uses deponent’s testimony at a trial years later, deponent no longer has an interest in the case?
In the instant action, at the time of his deposition, Stotts was definitely a party to the action as it was then constituted and definitely had an interest adverse to plaintiff. The court finds that this is all that is necessary in order that plaintiff be permitted to use Stotts’ deposition testimony for any purpose.
Defendants, of course, had the right to subpoena Stotts and attempt to elicit live testimony tending to discredit his deposition testimony.