■ Julio C. Marte et al., Appellants, v Mark Speaker et al., Respondents. [708 NYS2d 398] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 19, 1999, which, upon a jury verdict in defendant Speaker's favor and the grant of defendant New York Eye and Ear Infirmary's motion to dismiss the complaint as against it at the close of plaintiff's case, dismissed the complaint, unanimously affirmed, without costs.

Although plaintiff contends that the trial court erred by preventing him from having his deposition testimony read into evidence at trial, the court did not, in fact, refuse to allow plaintiff's deposition testimony into evidence, but merely placed conditions on its admission, which conditions were appropriate under the circumstances, even if unacceptable to plaintiff's counsel. Moreover, while ordinarily the deposition testimony of a party is permitted to be read into evidence when the deponent is unavailable to testify (CPLR 3117 [a] [3] [iii]; 4517), plaintiff's counsel made no showing that plaintiff, who was incarcerated at the time of the trial in this medical malpractice action, was in fact unavailable to testify (*cf.*, *Nazito v Holton*, 96 AD2d 550; *and see*, *Nedball v Tellefsen*, 102 Misc 2d 589, 590-591), particularly since the trial court stated that it would have assisted counsel in obtaining plaintiff's presence.

Also free from error was the trial court's refusal to put the case to the jury on a lack of informed consent theory since plaintiff failed to present evidence that he had not been informed of the risks of the procedure he was to undergo.

Finally, the record discloses that plaintiff was not precluded from calling an appropriate witness to testify about his claimed lack of English language skills. Concur—Rosenberger, J. P., Nardelli, Mazzarelli and Friedman, JJ.

