OPINION OF THE COURT
Eileen N. Nadelson, J.
During opening argument plaintiffs counsel objected to the reference by defendant’s counsel to the deposition of a defendant who had been stipulated out of the action by plaintiff. Plaintiffs counsel based his objection on the fact that defendant had neither indicated that the former defendant was unavailable to testify nor that he would be called as a witness. The court reserved its decision on the objection and defendant’s *224 counsel agreed to withhold mention of the subject deposition during his opening statements.
The use of depositions at trial are governed by section 3117 of the CPLR. CPLR 3117 states, in pertinent part:
“2. the deposition testimony of a party or of any person who was a party when the testimony was given or of any person who at the time the testimony was given was an officer, director, member, employee or managing or authorized agent of a party, may be used for any purpose by any party who was adversely interested when the deposition testimony was given or who is adversely interested when the deposition testimony is offered in evidence;
“3. the deposition of any person may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds:
“(i) that the witness is dead; or
“(ii) that the witness is at a greater distance than one hundred miles from the place of trial or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
“(iii) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or
“(iv) that the party offering the deposition has been unable to procure the attendance of the witness by diligent efforts; or
“(v) upon motion or notice, that such exceptional circumstances exist as to make its use desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court. . . .”
Section 3117 (a) (2) cited above refers to the use of depositions of persons who are parties to the action. Plaintiff contends that this section is inapplicable to the present circumstances because the deponent is no longer a party to the action. In this argument plaintiff is misdirected.
In order to take advantage of section 3117 (a) (2) of the CPLR, the proponent of the deposition must demonstrate that the deponent is or was a party to the action and his interests are adverse to the proponent.
*225 In Iheme v Simmons (148 Misc 2d 223 [Civ Ct, Richmond County 1990]), the court permitted a party to introduce the deposition of a person who had never been a party to the action but who had sued the parties independently, had his case joined, and then settled out of the litigation. In permitting the use of the deposition, the court stated that at the time the deposition was taken the deponent met the twin criteria of the statute of being a party to the action and having an adverse interest to the proponent of the deposition. The same logic holds true for the case at bar.
When the former defendant was deposed he was a named party to the lawsuit and his interests were adverse to the named codefendant, the person who is proffering the testimony. As stated by the court in Iheme (supra), this is all that is necessary in order that the proponent be permitted to use the deposition at trial.
In State Univ. Constr. Fund v Kipphut & Neuman Co. (159 AD2d 1003 [4th Dept 1990]), the Court did not permit the use of a former party’s deposition in a situation in which the former party had settled the matter and, pursuant to the settlement, was held harmless by the proponent of the deposition. By the terms of that settlement the proponent had placed itself in the stead of the deponent, therefore obliterating any adverse interest between them. That situation is clearly distinguishable from the case at bar in which the plaintiff stipulated that the deponent could be dismissed from the lawsuit but in no way affected any claims the remaining defendant may have against that former party.
In reaching its conclusion, the Court in State Univ. Constr. Fund v Kipphut & Neuman Co. relied on Nedball v Tellefsen (102 Misc 2d 589 [Sup Ct, Queens County 1980]), which stated that section 3117 (a) (2) of the CPLR requires the deponent’s interest to be adverse at the time of the trial, not at the time of the deposition. However, the Appellate Division for the Second Department has stated that the requisite time frame under section 3117 (a) (2) is the time of the deposition. (American Tel. & Tel. Co. v Lincoln Indus. Enters., 122 AD2d 925 [2d Dept 1986].) However, regardless of the time frame selected, in the instant case the deponent’s interest is adverse to the interests of its former codefendant, to whom it may be wholly or partially liable for any damages awarded.
Plaintiffs assertion that defendant must demonstrate that the deponent is unavailable to testify at trial in order to *226 introduce the deposition would only be appropriate under section 3117 (a) (3), which relates to the sworn testimony of persons who are not parties to the action. This is inapplicable in the instant case because the deponent, at the time the deposition was taken, was a party to the action and the use of his deposition is governed by subdivision (a) (2) which does not require a showing of unavailability at trial.
Based on the foregoing, the court rules that defendant may use the deposition of its former codefendant at trial.