# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

918

CA 11-00774

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF MARK H. DEWINE,
PETITIONER-RESPONDENT,

V                                                     OPINION AND ORDER

STATE OF NEW YORK BOARD OF EXAMINERS OF
SEX OFFENDERS, RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR RESPONDENT-APPELLANT.

WEISBERG, ZUKHER & VANSTRY, PLLC, SYRACUSE (DAVID E. ZUKHER OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), entered August 12, 2010 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and vacated and annulled the determination of respondent that petitioner is a sex offender subject to registration pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Opinion by PERADOTTO, J.: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he is a sex offender subject to registration pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Supreme Court granted the petition and annulled the determination, concluding that petitioner was not subject to SORA's registration requirements. We agree with respondent that petitioner, who was on probation in Wyoming for " '[s]ex offense[s]' " within the meaning of Correction Law § 168-a (2) (d) (i) on the effective date of SORA, is required to register as a sex offender in New York. We therefore conclude that the judgment should be reversed and the petition dismissed.

I

SORA, which went into effect on January 21, 1996 (*see* L 1995, ch 192, § 3), imposes registration requirements on " '[s]ex offender[s],' " i.e., "any person who is convicted of" certain sex offenses enumerated in the statute (Correction Law § 168-a [1]). SORA "applies to sex offenders incarcerated or on parole or probation on its effective

date, as well as to those sentenced thereafter, thereby imposing its obligations on many persons whose crimes were committed prior to the effective date" (*Doe v Pataki*, 120 F3d 1263, 1266, *cert denied* 522 US 1122; *see* § 168-g; *People v Carey*, 47 AD3d 1079, 1080, *lv dismissed* 10 NY3d 893). "Pursuant to Correction Law § 168-a (2) (d), certain defendants convicted of sex offenses in other jurisdictions must register as sex offenders in New York" (*People v Kennedy*, 7 NY3d 87, 89). As relevant here, "a person convicted of a felony in another jurisdiction . . . has been subject to registration in New York if the foreign offense 'includes all of the essential elements' of one of the New York offenses listed in SORA" (*Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 748-749, quoting L 1995, ch 192, § 2). In 1999, the Legislature added another basis for registration arising from a foreign conviction, i.e., that an offender must register in New York if he or she was convicted of a felony "for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (L 1999, ch 453, § 1; *see North*, 8 NY3d at 749). Where a sex offender is convicted in another jurisdiction and then relocates to New York, Correction Law § 168-k (1) provides that he or she "shall notify the division [of criminal justice services] of the new address no later than [10] calendar days after such sex offender establishes residence in [New York]."

II

We agree with the court and petitioner that the 1999 amendments to Correction Law § 168-a do not apply to petitioner. Those amendments are retroactive only with respect to "persons convicted of an offense committed prior to [January 1, 2000] who, on such date, have not completed service of the sentence imposed thereon" (L 1999, ch 453, § 29). Here, petitioner was discharged from probation in Wyoming and thus completed service of his sentence in June 1996. As the court properly concluded and petitioner correctly concedes, however, the crimes of which petitioner was convicted in Wyoming qualify as sex offenses in New York under the "essential elements" provision of Correction Law § 168-a (2) (d) (i). "[T]he 'essential elements' provision in SORA requires registration whenever an individual is convicted of criminal conduct in a foreign jurisdiction that, if committed in New York, would have amounted to a registrable New York offense" (*North*, 8 NY3d at 753). Here, the conduct underlying petitioner's Wyoming conviction constitutes, inter alia, sexual abuse in the second degree (Penal Law § 130.60 [2] [sexual contact with a child less than 14]) and sexual abuse in the first degree (§ 130.65 [3] [sexual contact with a child less than 11]), both of which constitute registrable offenses (*see* Correction Law § 168-a [2] [a] [i]; [3] [a] [i]).

It is undisputed that petitioner was "on parole or probation" when SORA went into effect (Correction Law § 168-g [2]). Petitioner contends, however, that the retroactivity provisions contained in Correction Law § 168-g are limited to individuals who were on probation or parole in New York when SORA went into effect and,

inasmuch as he was on probation in Wyoming on that date and his probation term expired before he moved to New York, he is not subject to the statute's requirements.  We reject that contention.

Pursuant to Correction Law § 168-g (1),

> "[t]he division of parole or department of probation and correctional alternatives in accordance with risk factors pursuant to section [168-*l*] . . . shall determine the duration of registration and notification for every sex offender who on the effective date of [SORA] is then on parole or probation for an offense provided for in [section 168-a (2) or (3)]."

Section 168-g (2) further provides that

> "[e]very sex offender who on the effective date of [SORA] is then on parole or probation for an offense provided for in [section 168-a (2) or (3)] . . . shall within [10] calendar days of such determination register with his [or her] parole or probation officer.  On each anniversary of the sex offender's initial registration date thereafter, the provisions of section [168-f] . . . shall apply.  Any sex offender who fails or refuses to so comply shall be subject to the same penalties as otherwise provided for in [SORA that] would be imposed upon a sex offender who fails or refuses to so comply with the provisions of [SORA] on or after such effective date."

There is no question that the provisions in Correction Law § 168-g mandating registration for New York probationers on SORA's effective date did not apply to petitioner, who was still on probation in Wyoming at that time.  We nevertheless reject petitioner's contention that the retroactivity provisions set forth in that section are limited to those sex offenders who were on parole or probation in New York at the time of SORA's implementation.  Indeed, neither the language of the statute nor the legislative history supports petitioner's restrictive interpretation.  The language of the statute does not differentiate between in-state and out-of-state probationers, and we discern no such intent in the legislative history.  Rather, SORA's legislative history evinces an intent to include all individuals then on parole or probation within its ambit.  For example, a July 11, 1995 letter from SORA's Senate Sponsor to the Governor states that the proposed statute "applies to those offenders adjudicated on or after the effective date, *and to all persons still serving a sentence of incarceration, probation or parole as of the date of enactment*" (Letter from Senate Sponsor, Bill Jacket, L 1995, ch 192, at 9 [emphasis added]).  The Assembly Sponsor likewise stated in a letter to the Governor that the proposed statute applied to "those offenders under supervision or in prison" (Letter from Assembly Sponsor, Bill Jacket, L 1995, ch 192, at 15).  That Assembly Sponsor

explained that the rationale for applying SORA retroactively was that "sweeping so narrowly as to only reach offenders from enactment forward leaves the majority of sexual offenders cloaked in anonymity" (*id.*), and he noted the low rehabilitation and high recidivism rates for sex offenders (*see id.* at 13-15).  In addition, the budget report with respect to SORA explains that it "creates a registry requirement *for convicted sex offenders presently on probation or parole* and for those sex offenders who will be released from correctional facilities in the future" (Budget Rep on Bills, Bill Jacket, L 1995, ch 192, at 17 [emphasis added]).

"SORA is a remedial statute" (*North*, 8 NY3d at 752), and it therefore must be liberally construed "to effect or carry out the reforms intended and to promote justice" (McKinney's Cons Laws of NY, Book 1, Statutes § 321).  "A liberal construction . . . is one [that] is in the interest of those whose rights are to be protected, and if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law" (*id.*).  SORA's "aim is to 'protect[ ] communities by notifying them of the presence of individuals who may present a danger and enhancing law enforcement authorities' ability to fight sex crimes' " (*North*, 8 NY3d at 752, quoting *Doe*, 120 F3d at 1276; *see also* Senate Introducer Mem in Support, Bill Jacket, L 1995, ch 192, at 6).  Individuals such as petitioner who were serving a sentence or on parole or probation in another state at the time of SORA's implementation are clearly no less dangerous than similarly situated individuals in New York.

III

We further note that the statutory construction urged by petitioner and adopted by the court would lead to objectionable and unreasonable consequences (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 141; *Matter of Smith v Devane*, 73 AD3d 179, 183-184, *lv denied* 15 NY3d 708).  Pursuant to petitioner's restrictive interpretation of SORA, an out-of-state sex offender on probation at the time of the statute's implementation who later moves to New York would be excluded from the notification and registration requirements thereof, while a sex offender on probation in New York at the same time would be subject to such requirements.  Such an interpretation could have the unintended and undesirable effect of encouraging sex offenders convicted in other states to evade the registration requirements of those states by relocating to New York.  Indeed, as one trial court aptly noted,

> "[s]tates have a legitimate interest in requiring offenders who commit [registrable] offenses in other jurisdictions to register in their new state of residence.  [Otherwise], an offender could avoid sex offender registration requirements simply by moving his [or her] state of residence, thereby frustrating the purpose behind sex offender registration laws" (*People v McGarghan*, 18 Misc 3d 811, 814, *affd* 83 AD3d 422).

IV

Finally, contrary to petitioner's contention, requiring him to register as a sex offender pursuant to Correction Law § 168-k would not result in disparate treatment on the basis of residency.  Rather, such an interpretation would subject petitioner to the same registration and notification requirements applicable to a similarly situated individual who was on probation in New York at the time of SORA's implementation.

V

Accordingly, we conclude that the judgment should be reversed and the petition dismissed.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court