People v Tolbert (2024 NY Slip Op 00239)

People v Tolbert

2024 NY Slip Op 00239

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 71416/22 Appeal No. 1480M-4329 Case No. 2022-02823 

[*1]The People of the State of New York, Respondent,
v
Eddie Tolbert, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Simon Greenberg of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 10, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously reversed, on the law, without costs, and the matter remanded for further proceedings in accordance herewith.
Under Correction Law § 168-a(2)(d)(ii), a sex offender is required to register in New York if the offender committed "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." This provision became effective January 1, 2000, and applies retroactively to persons convicted of an offense committed prior to that date and "who, on such date, have not completed service of the sentence imposed thereon" (L 1999, ch 453, §§ 1, 29). Here, it has not been established when defendant was discharged from parole and, thus, when he completed service of his sentence on his New Jersey conviction (see Matter of Dewine v State of N.Y. Bd. of Examiners of Sex Offenders, 89 AD3d 88, 90 [4th Dept 2011]). The SORA court had no basis to conclude that defendant had not served his sentence as of January 1, 2000. Indeed, the court was aware of this deficiency and adjourned the hearing to permit the People to make submissions to establish the registrability of the New Jersey offense, but it rendered its SORA determination prior to the adjourned date, before the People had an opportunity to submit anything. Accordingly, under the unique circumstances of this case, the matter is remanded for the parties to make further submissions on the issue of the registrability of the New Jersey offense. The People's argument for registrability under Correction Law § 168-a(2)(d)(i) is unpreserved for our review, as the People did not raise it before the SORA court (see People v Millan, 295 AD2d 267, 268 [1st Dept 2002]).
Furthermore, as the People concede, the assessment of 20 points under factor 4 (continuing course of sexual misconduct) was improper because it was not supported by clear and convincing evidence. This reduced the total point assessment from 80 points, a presumptive level two adjudication, to 60 points, a presumptive level one adjudication. Because this erroneous point assessment effected the People's decision to not argue for an upward departure at the SORA hearing, the People are entitled to seek an upward departure on remand (see generally People v Weber, 40 NY3d 206 [2023]).
The 15 points under factor 9 (prior crimes) were properly assessed. The People are not entitled to seek an additional assessment of points under that factor on remand, as they could have, but did not, submit the relevant evidence to support the requested additional points at the SORA hearing.
M-4329 - People v Eddie Tolbert
Motion to strike, granted to the extent of striking the extra-record documents submitted by the People and all references thereto in [*2]the People's brief, and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024