People v Welch (2026 NY Slip Op 00700)

People v Welch

2026 NY Slip Op 00700

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

688 KA 23-01776

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vAARON WELCH, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Oneida County Court (Robert Bauer, J.), dated September 30, 2022. The order, inter alia, dismissed without prejudice the application of defendant for resentencing pursuant to CPL 440.47. 
It is hereby ORDERED that the order so appealed from is affirmed.
Memorandum: Defendant appeals from an order that, inter alia, dismissed without prejudice his application for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (see CPL 440.47 [2] [d]). The DVSJA grants "courts discretion to impose less severe sentences on certain defendants who were victims of domestic violence at the time of their crimes" (People v Krista M.G., 228 AD3d 1300, 1301 [4th Dept 2024], lv denied 42 NY3d 1036 [2024]; see CPL 440.47; Penal Law § 60.12). Under CPL 440.47, a defendant who committed certain qualifying crimes prior to the effective date of the DVSJA and whose sentence meets certain requirements may seek resentencing in the court in which their sentence was imposed.
As relevant here, CPL 440.47 (2) (c) provides that an application for resentencing "must include at least two pieces of evidence corroborating the [defendant's] claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual[,] or psychological abuse inflicted by a member of the same family or household as the [defendant] as such term is defined in [CPL 530.11 (1)]." Paragraph (d) of CPL 440.47 (2) mandates that a court "dismiss the application without prejudice" when it determines that the defendant has not complied with the provisions of paragraph (c) of section 440.47 (2).
Here, defendant pleaded guilty in 2014 to two counts of murder in the second degree (Penal Law § 125.25 [1]) and was sentenced to consecutive terms of 20 years to life in prison on each count. The first murder victim was defendant's ex-girlfriend, whom defendant stabbed 13 times in her head, face, and neck, among other places. The second murder victim was a man residing at the same apartment as the ex-girlfriend, who intervened in an attempt to help the ex-girlfriend when defendant was stabbing her. Neither victim was armed, and neither presented any threat to defendant, who was upset that his ex-girlfriend had ended their relationship and was seeing another man.
After serving approximately nine years of his sentence, defendant applied for resentencing pursuant to the DVSJA. In support of his application alleging that he was a victim of domestic violence, defendant submitted, among other things, an affidavit in which he claimed that various people, including the two victims, had subjected him to bullying and psychological and physical abuse for months prior to the murders. The People opposed the application, contending that defendant was not entitled to a hearing under CPL 440.47 (2) (e) because he failed to submit sufficient proof as required under subdivision (2) (c) to corroborate his claim that he was a victim of domestic violence when he committed the murders. County Court [*2]summarily "denied without prejudice" defendant's application after determining that he did not include "at least two pieces of evidence corroborating his claim that he was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual[,] or psychological abuse inflicted by a member of the same family or household as himself as defined in CPL [ ]530.11 (1)."
As a preliminary matter, we agree with defendant that he may appeal from that part of the order dismissing his application for resentencing without prejudice. We conclude that the order constitutes "an order denying resentencing," from which an appeal may be taken as of right (CPL 440.47 [3] [a]). Although we recognize that the Third Department has held otherwise, interpreting the statutory phrase "an order denying resentencing" to mean an order denying resentencing after a hearing, rather than an order summarily dismissing an application for resentencing without prejudice (see People v Melissa OO., 234 AD3d 101, 103-106 [3d Dept 2024]; People v James QQ., 232 AD3d 1137, 1138 [3d Dept 2024], lv denied 43 NY3d 964 [2025]), we do not read the statute so restrictively. As a remedial statute, the DVSJA should be "liberally construed to carry out the reforms intended and to promote justice" (McKinney's Cons Laws of NY, Statutes § 321; see generally People v Brown, 25 NY3d 247, 251 [2015]). "A liberal construction . . . is one [that] is in the interest of those whose rights are to be protected, and if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law" (Matter of Dewine v State of N.Y. Bd. of Examiners of Sex Offenders, 89 AD3d 88, 92 [4th Dept 2011] [internal quotation marks omitted]; see McKinney's Cons Laws of NY, Statutes § 321, Comment).
As the Third Department recognized in Melissa OO. (234 AD3d at 106 n 5), its reading of CPL 440.47 (3) would insulate from judicial review orders that improperly dismiss applications that meet the evidentiary provisions of subdivision (2) (c), leaving defendants who are deserving of hearings with no legal recourse except to refile their applications, which could be improperly and repeatedly denied again. Such a narrow construction of CPL 440.47 is not compelled by the statutory language and is contrary to well established rules of construction for remedial statutes (see Brown, 25 NY3d at 251; Dewine, 89 AD3d at 92; see also People v Sosa, 18 NY3d 436, 440-441 [2012]). If the legislature intended to deprive defendants of the right to appeal from summary denials of applications for resentencing under the DVSJA, it should have "clearly expressed" such a limitation through unambiguous language in CPL 440.47 (3) (a) (Brown, 25 NY3d at 251 [internal quotation marks omitted]). Given that the legislature did not expressly exclude orders summarily dismissing applications for resentencing from the phrase "an order denying resentencing" under CPL 440.47 (3) (a), we will not read in that limitation inasmuch as it would be "at odds with the broad objectives of the remedial enactment" of the DVSJA (Sosa, 18 NY3d at 441).
Our statutory interpretation, i.e., that an order dismissing an application for resentencing for failure to comply with the evidentiary provisions under CPL 440.47 (2) (c) is tantamount to "an order denying resentencing" under CPL 440.47 (3) (a), is also supported by language in the statute providing that a defendant may request appointment of counsel "on any appeals regarding [their] application for resentencing pursuant to this section" (CPL 440.47 [3] [emphasis added]).
With respect to the merits, however, we conclude that the court properly denied defendant's application without a hearing inasmuch as defendant failed to submit at least two pieces of evidence corroborating his claim that he was subjected to substantial physical, sexual, or psychological abuse inflicted by a member of his family or household (see CPL 440.47 [2] [c]). In support of his application, defendant submitted 68 pages of text messages, primarily of those between him and the ex-girlfriend he murdered, the presentence report, and a photograph showing scratches on his neck allegedly caused by his ex-girlfriend. As the court properly determined, none of the items proffered by defendant corroborated his claim that he had been the victim of "substantial physical, sexual[,] or psychological abuse" (id. [emphasis added]). Thus, defendant was not entitled to a hearing and the court properly dismissed his application without prejudice (see People v White, 226 AD3d 1054, 1055 [2d Dept 2024], lv denied 42 NY3d 931 [2024]; People v James NN., 224 AD3d 1014, 1016 [3d Dept 2024], lv denied 42 NY3d 927 [2024]).
All concur except Montour, J., who dissents and votes to dismiss the appeal in the following memorandum: I respectfully dissent because I disagree with the majority's conclusion [*3]that defendant may appeal from that part of the order dismissing without prejudice his application for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (see CPL 440.47 [2] [d]). I am instead persuaded by the thorough statutory analysis undertaken by the Third Department in People v Melissa OO. (234 AD3d 101, 103-106 [3d Dept 2024]), which compellingly shows that the legislature has not authorized an appeal from such an order. I would therefore dismiss the appeal in this case.
"Appealability of determinations adverse to a defendant cannot be presumed because 'a defendant's right to appeal within the criminal procedure universe is purely statutory' " (People v Nieves, 2 NY3d 310, 314 [2004], quoting People v Stevens, 91 NY2d 270, 278 [1998]). Thus, "no appeal lies 'from a determination made in a criminal proceeding unless one is provided by the CPL' " (Stevens, 91 NY2d at 277), and, "in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal in a criminal case" (People v De Jesus, 54 NY2d 447, 449 [1981], rearg denied 55 NY2d 1038 [1982]). Here, the part of the order dismissing defendant's application for resentencing without prejudice "is not appealable to this Court as of right under the general statutory provisions authorizing appeals to intermediate appellate courts under CPL 450.10 nor is the order of dismissal one for which defendant could seek permission to appeal to this Court under CPL 450.15" (Melissa OO., 234 AD3d at 103). Consequently, defendant's right to appeal depends upon whether CPL 440.47 expressly authorizes an appeal from an order dismissing without prejudice an application for resentencing pursuant to the DVSJA (see Melissa OO., 234 AD3d at 103).
In that regard, " '[t]he DVSJA, without diminishing the gravity of an offense, permits courts to impose alternative, less severe sentences in certain cases involving defendants who are victims of domestic violence' " (People v Wendy B.-S., 229 AD3d 1317, 1318 [4th Dept 2024], lv denied 42 NY3d 1022 [2024]; see CPL 440.47; Penal Law § 60.12). Pursuant to step one of the statutory procedure, "[a] defendant who is confined while serving a sentence of a certain length for an offense committed prior to the effective date of the DVSJA and is eligible for an alternative sentence may request to apply for resentencing in accordance with Penal Law § 60.12" (Wendy B.-S., 229 AD3d at 1318). "If the court finds that [the defendant] has not met the requirements to apply for resentencing . . . , the court shall notify [the defendant] and dismiss [their] request without prejudice" (CPL 440.47 [1] [d] [emphasis added]). If, however, "the court finds that the defendant has met the requirements to apply for resentencing, the court must notify the defendant that they may submit an application for resentencing" (Wendy B.-S., 229 AD3d at 1318; see CPL 440.47 [1] [c]). At step two of the statutory procedure, the defendant's "application for resentencing must include certain pieces of evidence pursuant to the provisions of CPL 440.47 (2) (c)" (Wendy B.-S., 229 AD3d at 1318). If the court finds that the defendant has not satisfied those evidentiary provisions, "the court shall dismiss the application without prejudice" (CPL 440.47 [2] [d] [emphasis added]). If, however, the court finds that the defendant has complied with those provisions, it must at step three of the statutory procedure "conduct a hearing to aid in making its determination of whether the [defendant] should be resentenced in accordance with [Penal Law § 60.12]" (CPL 440.47 [2] [e]). When, after such a hearing, "the court determines that the [defendant] should be resentenced . . . , the court shall notify the [defendant] that, unless [they] withdraw[ ] the application or appeal[ ] from such order, the court will enter an order vacating the sentence originally imposed and imposing the new sentence" (CPL 440.47 [2] [g]). Conversely, when "the court determines that the [defendant] should not be resentenced . . . , the court shall inform [the defendant] of its decision and shall enter an order to that effect" (CPL 440.47 [2] [f] [emphasis added]).
The appeal subdivision of the statute then provides, in relevant part, that an appeal may be taken as of right "from an order denying resentencing," as well as "from a new sentence imposed under" the DVSJA on the ground that the term of the new sentence is "harsh or excessive" or "unauthorized as a matter of law" and "from an order specifying and informing [the defendant] of the term of the determinate sentence the court would impose upon resentencing on the ground that the term of the proposed sentence is harsh or excessive" (CPL 440.47 [3] [emphasis added]). The legislature thus expressly authorized an appeal as of right from a post-hearing order denying resentencing, imposing a new sentence, or specifying the term of the new sentence that would be imposed (see id.; Melissa OO., 234 AD3d at 105). The legislature, however, did not authorize an appeal as of right from an order dismissing a request without prejudice under step one or dismissing an application without prejudice under step two (see Melissa OO., 234 AD3d at 105; compare CPL 440.47 [1] [d]; [2] [d], with [2] [f]; [3]).
"Where, as here, the [l]egislature specifically provides for appealability of certain orders but not others, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (Melissa OO., 234 AD3d at 106 [internal quotation marks omitted]). The plain meaning of the statutory language differentiating between an order dismissing a request or an application without prejudice and an order denying resentencing (compare CPL 440.47 [1] [d]; [2] [d], with [2] [f]; [3] [a]) demonstrates that "the [l]egislature intended a different result as to the appealability of orders dismissing [a request or an application] without prejudice under step one or step two[, respectively,] and an order denying [resentencing] on the merits after a hearing under step three" (Melissa OO., 234 AD3d at 106). The courts "must give effect to that intention" (id.). As applied to the order from which defendant seeks to appeal here, I agree with the Third Department that, inasmuch as the legislature " 'failed to provide for an appeal from the [dismissal] of an application for resentencing pursuant to [Penal Law § 60.12 and CPL 440.47 (2) (c)], no [such] appeal was intended' " (id., quoting De Jesus, 54 NY2d at 449). Given that " '[a]ppeals in criminal cases are strictly limited to those authorized by statute,' " I conclude that the present appeal "is not properly before this Court and must be dismissed" (id., quoting People v Bautista, 7 NY3d 838, 838-839 [2006]).
I also reject the notion—advanced by the majority here—that any other portion of the statute warrants a different conclusion. Subsequent language in the appeal subdivision of the statute undoubtably states that a defendant may request assigned counsel "for the preparation of and proceedings on any appeals regarding [their] application for resentencing pursuant to this section" (CPL 440.47 [3]). Under a plain reading of the assigned counsel clause, however, the term "any appeals" (id.) clearly refers back to any of the types of appeals expressly authorized earlier in the appeal subdivision of the statute (see Harbor View at Port Washington Home Owners Assn., Inc. v W.J. Harbor Ridge, LLC, 74 AD3d 748, 749 [2d Dept 2010]; State Univ. Constr. Fund v Kipphut & Neuman Co., 159 AD2d 1003, 1005 [4th Dept 1990]). The assigned counsel clause thus provides an opportunity for the defendant to exercise a particular right within an authorized appeal, but that clause cannot be read as independently providing for a type of appeal that the earlier authorizing language does not.
Relatedly, in construing statutory language, "the familiar principle[ ] of ejusdem generis" (People v Illardo, 48 NY2d 408, 416 [1979] [internal quotation marks omitted]) requires that the courts "limit general language of a statute by specific phrases which have preceded the general language" (McKinney's Cons Laws of NY, Statutes § 239; see § 238; Illardo, 48 NY2d at 416). Therefore, the arguably more generalized language located later in the subdivision allowing a defendant to request the assignment of counsel in any appeal "regarding [an] application for resentencing" cannot be read to overrule the more specific preceding language authorizing appeals as of right only, as relevant here, "from an order denying resentencing" (CPL 440.47 [3]; see McKinney's Cons Laws of NY, Book 1, Statutes § 238). Stated differently, the legislature authorized an appeal "from an order denying resentencing" under the DVSJA and such an appeal certainly falls within the later more generalized description of one "regarding [an] application for resentencing" (CPL 440.47 [3]), but applicable principles of statutory construction dictate that the later language in the assigned counsel clause cannot be read as expanding the universe of appealable orders beyond those specifically authorized earlier in the subdivision (see McKinney's Cons Laws of NY, Book 1, Statutes §§ 238, 239; Illardo, 48 NY2d at 416).
Furthermore, I disagree with the majority's application of the canon of construction for remedial statutes. "While [the DVSJA] is a remedial statute and as such, should be interpreted broadly, this maxim does not allow [the courts] to stretch the statute beyond its intended coverage" (Blanco v American Tel. & Tel. Co., 90 NY2d 757, 766 [1997], rearg denied 91 NY2d 922 [1998]). Indeed, "even a remedial statute must be given a meaning consistent with the words chosen by the [l]egislature" because "those words define the scope of the remedy that the [l]egislature deemed appropriate," and "the role of the courts is to give effect not only to the remedy, but also to the words that delimit the remedy" (Enright v Eli Lilly & Co., 77 NY2d 377, 385 n 1 [1991], rearg denied 77 NY2d 990 [1991], cert denied 502 US 868 [1991]). Inasmuch as the plain language of the DVSJA unambiguously limits appeals as of right from those orders expressly delineated in CPL 440.47 (3) and does not authorize such an appeal from an order dismissing without prejudice an application for resentencing, the courts must give effect to that limitation and refrain from extending the statute to authorize appeals beyond those authorized by the legislature (see People v Brenda WW., — NY3d &mdash, — n 8, 2025 NY Slip Op 03643, *4 n 8 [*4][2025]).
Nor are the courts permitted to cast aside the statute that the legislature wrote by declaring that it is irrational or illogical for the legislature to restrict appeals under the DVSJA to orders denying resentencing on the merits following a hearing. For starters, the legislature could, in fact, have rationally determined that it did not want to overburden the appellate courts with appeals from orders dismissing applications for resentencing without prejudice when the defendants in such circumstances have an available remedy at the trial court level, i.e., filing a new application that satisfies the evidentiary provisions of the statute (see Melissa OO., 234 AD3d at 106). The legislature may have logically trusted that trial courts—placed in the role of gatekeepers under the structure of the DVSJA—would appropriately apply the statute and evaluate the evidence presented on applications for resentencing. Regardless, contrary to the majority's tacit assertion, "the plain language of the statute is not ambiguous, and thus [the courts] are bound to follow it" and cannot impose their own views of the statute that they believe that the legislature should have drafted (People v Talluto, 39 NY3d 306, 314 [2022] [emphasis omitted]). As the Third Department insightfully pointed out, although "the failure to provide for the statutory right to appeal from an order dismissing a defendant's DVSJA resentencing application without prejudice could insulate from appellate review certain trial court determinations where a defendant has exhausted [their] potential universe of evidentiary submissions[,] . . . it is entirely within the province of the [l]egislature to provide a remedy to permit appeals in these circumstances" (Melissa OO., 234 AD3d at 106 n 5). Indeed, although there is no indication here that the statute as written does not function as the legislature intended, "if the wording of the statute has created an unintended consequence, . . . it is the prerogative of the legislature, not this Court, to correct it" (Talluto, 39 NY3d at 314 [internal quotation marks omitted]).
For all of the foregoing reasons, I conclude that defendant's appeal must be dismissed.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court