[871 NE2d 1133, 840 NYS2d 307]

In the Matter of TODD NORTH, Appellant, v BOARD OF EXAMINERS OF SEX OFFENDERS OF STATE OF NEW YORK, Respondent.

Argued June 5, 2007; decided July 2, 2007

---

**POINTS OF COUNSEL**

*Burgett & Robbins, LLP,* Jamestown (*Robert A. Liebers* of counsel), for appellant. I. The Appellate Division erred by requiring Mr. North to register as a sex offender under the March 11, 2002 amendments to the Sex Offender Registration Act. (*Matter of Orens v Novello,* 99 NY2d 180; *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.,* 86 NY2d 198; *People v Kennedy,* 7 NY3d 87.) II. The Appellate Division erred by holding that Mr. North had to register because his federal sentence required him to register. (*People v Kennedy,* 7 NY3d 87; *New York v United States,* 505 US 144.)

*Andrew M. Cuomo, Attorney General,* Albany (*Andrea Oser, Barbara D. Underwood* and *Nancy A. Spiegel* of counsel), for respondent. I. Petitioner is required to register by subsection (i) of Correction Law § 168-a (2) (d). (*Matter of Millan,* 189 Misc 2d 419, 295 AD2d 267; *Post v 120 E. End Ave. Corp.,* 62 NY2d 19; *Matter of Nadel,* 188 Misc 2d 427; *Matter of Mandel,* 184 Misc 2d 897, 293 AD2d 750; *People v Gonzalez,* 61 NY2d 586; *People v Olah,* 300 NY 96; *People v Lewis,* 37 AD3d 689; *People v Johnston,* 28 AD3d 1125, 7 NY3d 707; *General Dynamics Land Systems, Inc. v Cline,* 540 US 581.) II. Petitioner is also required to register by subsection (iii) of Correction Law § 168-a (2) (d). (*People v Ryan,* 274 NY 149; *Bragg v Genesee County Agric. Socy.,* 84 NY2d 544; *Matter of Sutka v Conners,* 73 NY2d 395; *Matter of Roballo v Smith,* 63 NY2d 485.)

**OPINION OF THE COURT**

Graffeo, J.

In 2004, petitioner Todd North pleaded guilty to a federal possession of child pornography offense. Our task is to determine

whether the Board of Examiners of Sex Offenders erred when it concluded that petitioner's conviction in a foreign jurisdiction required him to register under New York's Sex Offender Registration Act (SORA). We conclude that petitioner's federal conviction warranted registration under SORA.

Federal agents executed a search warrant at petitioner's home on February 6, 2002, seizing his computer. Examination of the computer revealed that petitioner had knowingly purchased a subscription to an Internet site that was tailored to appeal to individuals with a sexual interest in children. Petitioner acknowledged to federal authorities that, over a period of four or five months, he downloaded and viewed numerous images depicting children ages 7 to 17 years engaged in sexual acts. In November 2004, petitioner pleaded guilty in United States District Court for the Western District of New York to a possession of child pornography offense (18 USC § 2252A [a] [5] [B]) and was sentenced to five years probation with 24 days of electronic monitoring.

At the state level, the Board of Examiners of Sex Offenders, proceeding in accordance with Correction Law § 168-k, concluded that petitioner was required to register under SORA. The Board found that petitioner had been convicted of a sex offense as defined in Correction Law § 168-a (2) (d), which addresses when a person convicted in a foreign jurisdiction (such as federal court) must register in New York. After the Board rejected his request for reconsideration, petitioner commenced this CPLR article 78 proceeding challenging the registration determination. Although petitioner acknowledged that SORA had been amended in 2002 to explicitly cover certain federal convictions (including his child pornography offense) in Correction Law § 168-a (2) (d), he argued that the 2002 amendments did not apply to him. Petitioner claimed that he fell within a "loophole" created in the legislation's complex effective date provision because he committed his offense before the effective date of the new amendments.

In response, the Board contended that, independent of the 2002 amendments, petitioner was required to register because his federal offense contained the same "essential elements" as the New York crime of possession of a sexual performance by a child, a registrable offense. The Board further asserted that the 2002 amendments specifically listing petitioner's federal offense

embraced petitioner because he was convicted in 2004—two years after the legislation was enacted.

Supreme Court denied the petition and dismissed the proceeding, concluding that registration was required under SORA's "essential elements" provision, which predated the 2002 amendments (*see* Correction Law § 168-a [2] [d] [i]). That provision mandates registration for a person convicted in a foreign jurisdiction of a crime containing the "essential elements" of a New York offense that is subject to registration. The court noted that the federal child pornography offense and New York's most closely analogous offense (possession of a sexual performance by a child) were not identical because the federal offense criminalizes possession of pornographic images of children under age 18 while the New York offense covers pornographic images of children under 16 years of age. But finding it undisputed that petitioner possessed pornographic images of children under age 16, the court held that petitioner engaged in conduct addressed by the New York offense, thereby meeting the "essential elements" standard.

The Appellate Division agreed that petitioner was required to register under SORA but rejected Supreme Court's rationale. The Court analogized the SORA "essential elements" analysis to the comparison undertaken when a court assesses whether a defendant's criminal sentence should be enhanced as a result of a prior foreign conviction, and reasoned that the "essential elements" standard is not met unless the elements of the federal offense are virtually identical to the elements of the registrable state offense to which it is compared. Given the distinctions between the victim age provisions in the federal and New York offenses, the Court determined that standard was not met. However, noting that the 2002 amendments had been intended to clarify that individuals convicted of the federal offenses in question were required to register under SORA, the Court concluded that the 2002 amendments applied to petitioner and he must register under Correction Law § 168-a (2) (d) (iii).[1] This Court granted petitioner leave to appeal and we now affirm.

Since the inception of SORA in 1995, a person convicted of a felony in another jurisdiction, including conviction of a federal crime, has been subject to registration in New York if the foreign

---

1. In dicta, the Appellate Division observed that registration might also be required under the terms of petitioner's federal probation. Because this was not a ground on which the Board relied in its determination, we have no occasion to address it in this article 78 proceeding.

offense "includes all of the essential elements" of one of the New York offenses listed in SORA (*see* L 1995, ch 192, § 2). In 1999, the Legislature added another basis for registration arising from a foreign conviction—an offender must register in New York if that person committed a felony subject to registration in the foreign jurisdiction (*see* L 1999, ch 453, § 1). SORA was again amended in 2002 to clarify that particular federal offenses are subject to New York's registration requirement and the amendments removed the requirement that the foreign offense be a felony (subject to a potential death sentence or prison sentence of more than one year) (*see* L 2002, ch 11, § 1). In addition, the foreign conviction provision was reorganized into three subsections. As a result of this legislative expansion, the definition of a registrable "sex offense" now includes

> "a conviction of (i) an offense in any other jurisdiction which includes all of the essential elements of any such crime provided for in paragraph (a), (b) or (c) of this subdivision or (ii) a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred or, (iii) any of the provisions of 18 U.S.C. 2251, 18 U.S.C. 2251A, 18 U.S.C. 2252, 18 U.S.C. 2252A, or 18 U.S.C. 2260, provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense as of the date on which this subparagraph takes effect" (Correction Law § 168-a [2] [d]).

In *People v Kennedy* (7 NY3d 87 [2006]), we addressed whether a member of the United States Navy who was convicted by general court-martial of "indecent assault" under the Uniform Code of Military Justice was required to register under Correction Law § 168-a (2) (d) (ii). We concluded that registration was not warranted under subsection (ii) because the People failed to establish that the foreign jurisdiction where the defendant was convicted—the Navy—maintains a sex offender registry.

Here, the Board relies on two different subsections of the statute—subsections (i) and (iii). Subsection (i) directs that a person convicted of an offense in a foreign jurisdiction is required to register in New York when the foreign offense contains "all of the essential elements" of a New York offense that is subject to registration. Although the essential elements provision has been part of SORA since its enactment in 1995, this is our first occasion to interpret it.

The Board argues that petitioner's federal possession of child pornography offense is comparable to the New York offense of possessing a sexual performance by a child (Penal Law § 263.16), a class E felony subject to registration under Correction Law § 168-a (2) (a) (i). Petitioner's federal felony offense, codified at 18 USC § 2252A (a) (5) (B), makes it unlawful for any person to

> "knowingly possess[ ] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer."

The term "child pornography" includes any "computer or computer-generated image or picture" involving "the use of a minor engaging in sexually explicit conduct" (18 USC § 2256 [8] [A]) and the term " 'minor' means any person under the age of eighteen years" (18 USC § 2256 [1]).

Under Penal Law § 263.16, "[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." The term "performance" includes any motion picture or photograph (Penal Law § 263.00 [4]). Petitioner does not dispute that, like the federal crime, the New York offense criminalizes possession of computer images of children engaged in sexually explicit activity—the conduct underlying his federal conviction.

In asserting that the New York crime is not sufficiently similar to the federal offense to meet SORA's "essential elements" inquiry, petitioner focuses on the maximum victim age designations in the two offenses. While the federal offense criminalizes possession of pornography involving children under the age of 18, the New York provision deals only with possession of pornography involving children under the age of 16. Noting that Penal Law § 70.04 (1) (b) (i), the second violent felony offender statute, contains the phrase "essential elements," petitioner suggests that this Court should import the same approach used to determine whether a prior foreign offense is a predicate for purposes of enhanced sentencing in criminal cases. In that context, our Court has applied a strict equivalency stan-

dard that examines the elements of the foreign conviction to determine whether the crime corresponds to a New York felony, usually without reference to the facts giving rise to that conviction (*see People v Muniz*, 74 NY2d 464 [1989]; *People v Gonzalez*, 61 NY2d 586 [1984]). Under this standard, technical distinctions between the New York and foreign penal statutes can preclude use of a prior felony as a predicate for enhanced sentencing, even though the actual criminal conduct leading to the foreign conviction would have fallen within the ambit of the New York offense (*see e.g. Muniz*, 74 NY2d 464 [1989]).[2]

We are unpersuaded that the Legislature intended that the SORA "essential elements" inquiry involve the same strict equivalency approach used in the criminal enhanced sentencing context. The enhanced sentencing standard was developed by this Court more than 50 years ago in cases interpreting the second felony offender provision currently codified at Penal Law § 70.06 (1) (b) (i)—a provision that long predated the second violent felony offender statute (Penal Law § 70.04 [1] [b] [i]) and which has never included the "essential elements" language found in SORA (*see e.g. People v Olah*, 300 NY 96 [1949] [interpreting former Penal Law § 1941, a predecessor of Penal Law § 70.06]). In the enhanced sentencing cases, we have not used the phrase "essential elements," much less characterized the relevant inquiry as an "essential elements" test (*see e.g. Muniz*, 74 NY2d 464 [1989]; *Gonzalez*, 61 NY2d 586 [1984]). Obviously, the strict equivalency requirement does not turn on the presence of "essential elements" language. As such, the Legislature's decision to use that phrase in Correction Law § 168-a (2) (d) does not suggest an intent to incorporate the strict enhanced sentencing test in SORA proceedings.

In addition, the fact that the Legislature used the same phrase when it enacted SORA's "essential elements" provision in 1995 as it used in Penal Law § 70.04 (1) (b) (i) in 1978 (L 1978, ch 481, § 4) would not, without more, compel that the language be interpreted identically (*see People v Hernandez*, 98 NY2d 175 [2002]). Certainly, words or phrases used in the same legislation or statutory scheme are commonly ascribed the same meaning. Here, however, the language on which petitioner relies appears

---

2. Our Court has never assessed whether petitioner's federal child pornography offense would be an appropriate predicate for enhanced sentencing under the strict equivalency standard but, for the purpose of this appeal, we assume that it would not.

in distinct legislation enacted in separate statutory schemes that fulfill different functions.

As part of the penal system, enhanced sentencing statutes serve to extend the term of incarceration attending a criminal conviction. In contrast, SORA is not a penal statute and the registration requirement is not a criminal sentence (*Doe v Pataki*, 120 F3d 1263 [2d Cir 1997], *cert denied* 522 US 1122 [1998]). Rather than imposing punishment for a past crime, SORA is a remedial statute intended to prevent future crime; its aim is to "protect[ ] communities by notifying them of the presence of individuals who may present a danger and enhancing law enforcement authorities' ability to fight sex crimes" (*id.* at 1276). While application of a strict equivalency standard is understandable in the enhanced sentencing context where the length of a defendant's incarceration is to be determined, it may not be the optimal vehicle to effectuate SORA's remedial purposes. The legislative history of SORA does not disclose any intent by lawmakers to import the test from the Penal Law.

We are similarly unpersuaded that language in Correction Law § 168-a (2) (d) (iii) compels a strict interpretation of the "essential elements" standard. Subsection (iii)—added in 2002—enumerates specific federal offenses, including petitioner's child pornography offense, as registrable offenses, "provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense" as of the effective date of the legislation. Petitioner suggests that, by using the "substantially the same" language in subsection (iii), the Legislature was signaling that the "essential elements" language already included in subsection (i) must be strictly interpreted. But this linguistic distinction is explained by the fact that the "substantially the same" language relates to an entirely different inquiry than the "essential elements" test. Under subsection (i) the Board must compare the foreign offense to the analogous New York offense while subsection (iii) requires the Board to review the federal offense to make certain that it is "substantially the same" in content as it was at the time it was listed in SORA in 2002.

By including this proviso in subsection (iii), the Legislature accounted for the possibility that Congress might amend the enumerated federal statutes in the future and materially redefine those crimes, or renumber the provisions in title 18 of the United States Code so that the statutes listed in subsection (iii) no longer involve sex offenses, rendering the identified

federal offenses inappropriate predicates for SORA registration. If that occurs (and to date it has not), the Board can rely on the "substantially the same" language in subsection (iii) to relieve a person convicted of one of the specified, but redefined, federal offenses of the duty to register. But the proviso simply does not direct how the Board should interpret or apply the "essential elements" standard in subsection (i).

Considering its context, we conclude that the "essential elements" provision in SORA requires registration whenever an individual is convicted of criminal conduct in a foreign jurisdiction that, if committed in New York, would have amounted to a registrable New York offense. This necessarily requires that the Board compare the elements of the foreign offense with the analogous New York offense to identify points of overlap. When the Board finds that the two offenses cover the same conduct, the analysis need proceed no further for it will be evident that the foreign conviction is the equivalent of the registrable New York offense for SORA purposes. In circumstances where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, the Board must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the New York offense. If it is, the foreign conviction is a registrable offense under SORA's essential elements test.

In this case, comparison of the elements reveals that there is significant overlap between the conduct criminalized in the analogous New York offense and the activity covered by the federal child pornography offense. However, because the federal offense covers some activity—possession of child pornography involving children aged 16 and 17—not encompassed in the New York offense, review of the conduct underlying petitioner's federal conviction is necessary. Here, it is undisputed that petitioner possessed pornographic images of children under age 16 and therefore engaged in conduct that was criminal under both the federal and comparable New York offenses. As such, the Board did not err in determining that, by virtue of his federal child pornography conviction, petitioner was required to register under the "essential elements" provision in Correction Law § 168-a (2) (d) (i).

This result is consistent with statements in the legislative history of the 2002 SORA amendments relating to the inclusion of the specified federal offenses. The Governor's Program Bill Memorandum and the Senate and Assembly sponsors' memo-

randa indicate that the intent in listing the federal child pornography offense was to "clarify" that the offense was subject to registration, which was necessary because some federal offenders had contested the equivalency of the federal and New York offenses (*see* Governor's Program Bill Mem # 102, 2002 NY Legis Ann, at 6, 8; Senate Mem in Support, 2002 McKinney's Session Laws of NY, at 1646; Aubry Mem in Support of 2002 NY Assembly Bill A10367).[3] By characterizing the new legislation as a "clarification," rather than as a change in the law, the Legislature and the Governor indicated that the child pornography offense was already subject to registration under the existing "essential elements" provision. Hence, in their view, the victim age distinctions between the federal and state offenses did not preclude registration under that standard.

Because the Board did not err in requiring petitioner to register under Correction Law § 168-a (2) (d) (i), we need not address petitioner's claim that, notwithstanding his 2004 conviction of a listed federal offense, he can avoid registration under subsection (iii) because of the effective date provision in the 2002 legislation.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge KAYE and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, without costs.

---

3. This was apparently a reference to litigation prior to the 2002 amendments in which courts had reached contradictory conclusions on the equivalency issue (*see Matter of Millan*, 189 Misc 2d 419 [Sup Ct 2001], *revd* 295 AD2d 267 [1st Dept 2002]; *Matter of Nadel*, 188 Misc 2d 427 [Sup Ct 2001]; *Matter of Mandel*, 184 Misc 2d 897 [County Ct 2000], *affd* 293 AD2d 750 [2d Dept 2002], *appeal dismissed* 98 NY2d 727 [2002]).