■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUADIRE CREWS, Appellant. [4 NYS3d 527]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about September 18, 2013, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of reducing the adjudication to that of a level two offender, and otherwise affirmed, without costs.

The court incorrectly assessed 30 points under the risk factor for a prior violent felony or misdemeanor sex crime, since the People's proof did not establish that factor by clear and convincing evidence. The People provided the court with a copy of the Maryland statute under which defendant was previously convicted, but explained to the court that they did not have any of the underlying facts from that case. However, given the New York offenses cited by the People as analogous to the Maryland conviction, it was necessary to review "the conduct underlying the foreign conviction to determine if that conduct [was], in fact, within the scope of the New York offense" (*Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 753 [2007]). Here, no such review was done, and we conclude that the Maryland statute encompasses conduct broader than the cited New York offenses.

Thus, without a review of the underlying facts of defendant's Maryland conviction, the People failed to prove by clear and convincing evidence that defendant's out-of-state conviction was equivalent to a New York offense. Without the improperly assessed 30 points, defendant qualifies as a level two sex offender. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.