People v Blue (2020 NY Slip Op 04689)





People v Blue


2020 NY Slip Op 04689


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


474 KA 19-00548

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHELLSIE BLUE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered February 8, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that she is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) based on her conviction in federal court, upon her plea of guilty, of conspiracy to commit sex trafficking of a minor (18 USC §§ 1591, 1594 [c]).
Initially, we reject defendant's contention that her conviction in a foreign jurisdiction did not require her to register under SORA. As relevant to this appeal, SORA's registration requirement applies to persons convicted in any other jurisdiction of an offense that "includes all of the essential elements" of a crime specified in Correction Law § 168-a (2) (a), (b), or (c) (§ 168-a [2] [d] [i]; see People v Kennedy, 7 NY3d 87, 89 [2006]; Matter of Dewine v State of N.Y. Bd. of Examiners of Sex Offenders, 89 AD3d 88, 89 [4th Dept 2011]). "[T]he essential elements' provision in SORA requires registration whenever an individual is convicted of criminal conduct in a foreign jurisdiction that, if committed in New York, would have amounted to a registrable New York offense" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]). Making that determination "necessarily requires that the Board compare the elements of the foreign offense with the analogous New York offense to identify points of overlap. When the Board finds that the two offenses cover the same conduct, the analysis need proceed no further for it will be evident that the foreign conviction is the equivalent of the registrable New York offense for SORA purposes. In circumstances where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, the Board must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the New York offense" (id.).
Even assuming, arguendo, that the elements of defendant's federal conviction for conspiracy to commit sex trafficking of a minor do not perfectly overlap with those of an analogous New York offense, we conclude that defendant's underlying conduct would nonetheless constitute promoting prostitution in the third degree under Penal Law § 230.25. The undisputed evidence establishes that defendant enticed the 14-year-old victim to engage in commercial sex acts, set up advertisements for the victim, provided a location for the victim to perform those acts, and took all of the money made by the victim for those acts. That evidence demonstrates that defendant "advance[d] or profite[d] from prostitution of a person less than [19] years old"
(§ 230.25 [2]), and inasmuch as it also establishes that the victim was in fact less than 17 years old, defendant is required to register under SORA (see Correction Law § 168-a [2] [a] [i]; North, 8 NY3d at 753).
Contrary to defendant's further contention, we conclude that County Court properly assessed 15 points under risk factor 11 on the risk assessment instrument (RAI) for her history of drug abuse "inasmuch as [t]he statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under th[at] risk factor" (People v Kunz, 150 AD3d 1696, 1696 [4th Dept 2017], lv denied 29 NY3d 916 [2017] [internal quotation marks omitted]; see People v Ramos, 41 AD3d 1250, 1250 [4th Dept 2007], lv denied 9 NY3d 809 [2007]). Specifically, defendant's admitted daily marijuana use and evidence that she completed drug abuse treatment while incarcerated amply established facts sufficient to warrant the assessment of points under risk factor 11 (see People v Palmer, 20 NY3d 373, 377-378 [2013]; People v Merkley, 125 AD3d 1479, 1479 [4th Dept 2015]; People v Mundo, 98 AD3d 1292, 1293 [4th Dept 2012], lv denied 20 NY3d 855 [2013]).
Upon our review of the record, however, we agree with defendant that the court improperly assessed 25 points under risk factor two for sexual contact with the victim and 20 points under risk factor four for engaging in a continuing course of sexual misconduct because the People did not establish by the requisite clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408 [2010]) that there was any sexual contact between defendant and the victim (see e.g. People v Dilillo, 162 AD3d 915, 916 [2d Dept 2018], lv denied 32 NY3d 905 [2018]; People v Costello, 35 AD3d 754, 755 [2d Dept 2006]; see generally People v Walker, 175 AD3d 735, 736 [2d Dept 2019], lv denied 34 NY3d 908 [2020]) or that defendant shared the intent of the victim's clients in engaging her in sexual contact (see People v S.G., 4 Misc 3d 563, 569-571 [Sup Ct, NY County 2004]). Defendant's score on the RAI, originally assessed at 100 points, must therefore be reduced by 45 points, which results in a total score of 55 and renders defendant a presumptive level one risk. We modify the order accordingly.
In light of our determination, defendant's remaining contention is academic.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court