People v Bean (2021 NY Slip Op 00396)





People v Bean


2021 NY Slip Op 00396


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Ind No. 99055/17 Appeal No. 12944 Case No. 2018-2720 

[*1]The People of the State of New York, Respondent,
v
Michael Bean, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher Michael Pederson of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 27, 2018, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 30 points for a prior sex offense based on defendant's California conviction. To determine whether a foreign conviction is the equivalent of a New York State offense for SORA purposes, a court first compares the elements of the foreign statute with the analogous New York offense (People v Perez, 35 NY3d 85, 93-94 [2020]; North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]). Where the offenses overlap but the foreign offense also criminalizes conduct not covered by the New York statute, the court reviews the conduct underlying the foreign conviction to determine whether that conduct is, in fact, within the scope of the New York offense (Perez, 35 NY3d at 95). Here, defendant was convicted of a California felony that could be committed by having consensual sex with a person under the age of 18, whereas in New York a person who is 17 years old is capable of consent (Penal Law § 130.05[3][a]). In defendant's California case, the victim was 17 years old, and thus was not a person deemed incapable of consent in New York. However, in the SORA proceeding, the People established by clear and convincing evidence, including reliable documentary proof (see People v Mingo, 12 NY3d 563, 573-574 [2009]), that the oral sexual conduct was committed by forcible compulsion, in that defendant tied the victim's hands and threatened to harm her. Therefore, he engaged in oral sexual conduct by forcible compulsion, a felony sex offense in New York (see Penal Law § 130.50[1]). While defendant argues that he was charged with and pleaded guilty to a purely statutory offense in California that did not require any showing of force, that conviction was properly considered by the SORA court because "the ultimate and paramount concern of the SORA risk-level assessment is an accurate determination of the risk a sex offender poses to the public" (Perez, 35 NY3d at 94 [internal quotation marks omitted]). Accordingly, the court correctly assessed 30 points for a prior sex crime, and also applied the automatic override to level three.
The court correctly assessed 15 points under the risk factor for a history of drug or alcohol abuse. While defendant asserts that his drug use was too remote to support the assessment of points, the case summary indicates that his drug use has continued. In any event, defendant's California conviction subjects him to the automatic override to level three regardless of his point score.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the guidelines[*2], or outweighed by serious aggravating factors. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021