People v Canady (2021 NY Slip Op 03618)





People v Canady


2021 NY Slip Op 03618


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-06415

[*1]The People of the State of New York, respondent,
v
Quayshaun Canady, appellant. Russell Rothberg, Lynbrook, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Aharon Diaz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry Kron, J.), dated June 6, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the facts, without costs or disbursements, and the defendant is designated a level two sex offender.
The defendant was convicted, upon his plea of guilty, of sex trafficking. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, in effect, assessed the defendant 135 points and designated him a level three sex offender. On appeal, the defendant challenges the assessment of points under certain risk categories.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911).
The defendant's contention that the Supreme Court improperly assessed 20 points under risk factor 7 for establishing a relationship for the purpose of victimization is unpreserved for appellate review, as he did not oppose the People's request for the scoring of these points at the SORA hearing (see People v Gillotti, 23 NY3d 841, 854).
Contrary to the People's contentions, the Supreme Court improperly assessed 25 points under risk factor 2 (sexual contact with victim) and 20 points under risk factor 4 (continuing course of sexual misconduct), as the People failed to establish by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408) that the defendant engaged in sexual contact with the victims or that, under the theory of accessorial liability, he shared the intent of the victims' clients in engaging in sexual contact (see People v Blue, 186 AD3d 1088, 1090; People v Dilillo, 162 AD3d 915, 916; People v S.G., 4 Misc 3d 563, 569-571 [Sup Ct, NY County]).
Based on the foregoing, 45 points should be subtracted from the total risk assessment [*2]of 135 points, which places the defendant's point score within the range of a level two sex offender. Accordingly, we reverse the order appealed from and designate the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court