People v Tingling (2022 NY Slip Op 00363)





People v Tingling


2022 NY Slip Op 00363


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Ind. No. 6551/02 Appeal No. 15120 Case No. 2019-5132 

[*1]The People of the State of New York, Respondent,
v
Mario Tingling, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.



Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about May 3, 2019, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
We agree that defendant should not have been assessed 25 points under the risk factor for sexual contact based on a theory of accessorial liability for promoting the prostitution of a 15-year-old girl. The People failed to prove by clear and convincing evidence that defendant assisted customers in obtaining the services of the victim or shared the necessary intent with his victim's customers to support the assessment of points under this factor. Defendant did not know the identity of his victim's customers, was not present during the sexual conduct, and did not know if sexual contact would actually occur (see People v S.G., 4 Misc 3d 563 [Sup Ct, NY County 2004]; see also People v Canady, 195 AD3d 752, 753 [2d Dept 2021]; People v Blue, 186 AD3d 1088, 1090 [4th Dept 2020], lv denied 36 NY3d 901 [2020]).
Nevertheless, even without those points defendant remains a level two offender, and even with the corrected point score we find no basis for a downward departure or any further proceedings (see generally People v Gillotti, 23 NY3d 841 [2014]). Defendant has not demonstrated that the mitigating factors he cites have actually reduced his risk of reoffense to a degree that would warrant a departure. In any event, these factors are outweighed by aggravating factors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022