People v Luck (2023 NY Slip Op 00275)

People v Luck

2023 NY Slip Op 00275

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

SCI No. 99062/19 Appeal No. 17155 Case No. 2021-01431 

[*1]The People of the State of New York, Respondent,
v
Gregory Luck, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew John Loizides of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 22, 2021, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Although the elements of defendant's federal conviction of conspiracy to commit sex trafficking of a minor do not completely overlap with the elements of the New York offense of promoting prostitution in the second degree under Penal Law § 230.30(2), a review of the record establishes that his "conduct underlying the foreign conviction" was actually "within the scope of the New York offense," in light of the definition of "advance prostitution" set forth in Penal Law § 230.15(1) (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]; see People v Blue, 186 AD3d 1088, 1089-90 [4th Dept 2020], lv denied 36 NY3d 901 [2020]). Therefore, the court correctly found that "the foreign conviction is a registrable offense under SORA's essential elements test" (Matter of North, 8 NY3d at 753; see Correction Law §168-a[2][a][i], [2][d][i]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023