People v Morgan (2023 NY Slip Op 00569)

People v Morgan

2023 NY Slip Op 00569

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

914 KA 21-00610

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY MORGAN, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Livingston County Court (Jennifer M. Noto, J.), dated April 9, 2021. The order, insofar as appealed from, designated defendant a sexually violent offender pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the second ordering paragraph designating defendant a sexually violent offender is vacated.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant, who moved to New York State having been previously convicted in Pennsylvania upon his nolo contendere plea of guilty of indecent assault (18 Pa Cons Stat § 3126 [a] [7]), appeals from an order that, inter alia, designated him a "sexually violent offender" (Correction Law § 168-k [2]). Defendant contends that County Court erred by rejecting the conclusion of the Board of Examiners of Sex Offenders (Board) that the analogous New York offense to the Pennsylvania offense of indecent assault under the essential elements test is sexual abuse in the second degree and by finding that the Pennsylvania offense was tantamount to the New York offense of sexual abuse in the first degree, an enumerated sexually violent offense (§ 168-a [3] [a] [i]). As limited by his brief, defendant appeals from the order to the extent that it designated him a sexually violent offender on the basis of the essential elements test, and we reverse the order insofar as appealed from.
A " '[s]exually violent offender' means a sex offender who has been convicted of a sexually violent offense" (Correction Law § 168-a [7] [b]). A " '[s]exually violent offense,' " includes, as relevant here, "a conviction of an offense in any other jurisdiction which includes all of the essential elements of any [New York] felony [enumerated in section 168-a (3) (a)]" (§ 168-a [3] [b]). The essential elements test "requires that the Board compare the elements of the foreign offense with the analogous New York offense to identify points of overlap . . . In circumstances where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, the Board must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the New York offense" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]; see People v Perez, 35 NY3d 85, 93 [2020], rearg denied 35 NY3d 986 [2020]; People v Cremeans, 194 AD3d 1369, 1370 [4th Dept 2021], lv denied 37 NY3d 910 [2021]). Where, however, a New York offense "cover[s] the same conduct" as the foreign offense of which the offender was convicted, "the analysis need proceed no further" (North, 8 NY3d at 753). Here, a comparison of defendant's Pennsylvania conviction of indecent assault (18 Pa Cons Stat § 3126 [a] [7]; see
§ 3101) and the New York offense of sexual abuse in the second degree (Penal Law § 130.60 [2]) establishes that section 130.60 (2) "cover[ed] the same conduct" (North, 8 NY3d at 753). Inasmuch as sexual abuse in the second degree is not an enumerated sexually violent offense [*2]pursuant to Correction Law § 168-a (3) (a), defendant should not have been designated a sexually violent offender.
In light of our determination, we do not address defendant's remaining contention.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court