People v Bracero (2023 NY Slip Op 01650)

People v Bracero

2023 NY Slip Op 01650

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Kennedy, Pitt-Burke, Higgitt, JJ. 

Ind. No. 528/18 Appeal No. 17586 Case No. 2021-02376 

[*1]The People of the State of New York, Respondent,
v
Alex Bracero, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Order, Supreme Court, Bronx County (James A. McCarty, J.), entered on or about June 23, 2021, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence supported the assessment of 20 points under the risk factor for a continuous course of sexual conduct. It may be reasonably inferred from the grand jury testimony that defendant's multiple acts of sexual intercourse with the victim occurred over the time periods required under that risk factor. In addition, defendant's acts of promoting the prostitution of the 15-year-old victim provide further support for a finding of a continuous course of sexual conduct under the circumstances of this case. Defendant's intent that customers engage in sexual intercourse with the victim was demonstrated by evidence that defendant solicited the customers, collected money they paid for the victim's services, and remained present, while hiding in a nearby room, during the acts of prostitution (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7, 10 [2006]; Penal Law § 20.00; People v Johnson, 202 AD3d 553 [1st Dept 2022], lv denied 38 NY3d 910 [2022]; compare People v Tingling, 201 AD3d 555 [1st Dept 2022], lv denied 38 NY3d 908 [2022]).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant, including his unexceptional efforts at rehabilitation, were adequately taken into consideration by the risk assessment instrument, and were, in any event, outweighed by aggravating factors. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023