People v Sittler (2023 NY Slip Op 03550)

People v Sittler

2023 NY Slip Op 03550

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 99050/14 Appeal No. 584 Case No. 2018-3895 

[*1]The People of the State of New York, Respondent,
v
Daniel Sittler, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Kerry Elgarten of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 5, 2015, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly adjudicated defendant a level one sex offender, finding, based on defendant's actual conduct in this case, that the Nebraska misdemeanor of which he was convicted is equivalent in this instance to the New York felony of disseminating indecent material to minors in the first degree (Penal Law § 235.22). In Matter of North v Board of Examiners of Sex Offenders of State of N.Y. (8 NY3d 745, 753 [2007]), the Court of Appeals held that the "essential elements" provision requiring registration in New York (Correction Law 168-a[2][d][i]) may be satisfied if the foreign offense and a registrable New York offense cover the same conduct, and alternatively may be satisfied where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, so long as the conduct underlying the foreign conviction is, in fact, within the scope of the New York statute.
The Nebraska misdemeanor of enticement by electronic communication device is broader than Penal Law § 235.22 because under the Nebraska law there is no requirement that the defendant "importune[], invite[] or induce[]" a minor to engage in sexual conduct. However, defendant's conduct in this case brought him within the scope of the New York statute. Although the initial suggestion to meet to engage in sexual conduct came from the 15- year-old victim, defendant declined that suggestion because he believed that his roommates would be present the time that the boy proposed to meet. Defendant's response, suggesting an earlier time, constituted a separate invitation to meet to engage in sexual conduct. With this communication, defendant's Nebraska offense qualified as the equivalent of a registrable offense in New York.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023