People v Lopez (2024 NY Slip Op 04620)

People v Lopez

2024 NY Slip Op 04620

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Ind No. 99014/20 Appeal No. 2643 Case No. 2022-02438 

[*1]The People of the State of New York, Respondent,
v
Edwin Lopez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 12, 2022, which, upon denying defendant's motion to dismiss the proceeding on March 2, 2022, adjudicated him, after a hearing, a level one sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly denied defendant's motion to dismiss the SORA proceeding. Former 10 USC § 925, article 125, was constitutional as applied to defendant's conduct (see US v Marcum, 60 MJ 198, 200, 207-208 [CAAF 2004]), and defendant's conviction of sodomy, following a court-martial in the United States Army, includes the essential elements of criminal sexual act in the first degree upon review of the conduct underlying his conviction (Penal Law § 130.50[1], [2]; see Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]).
The court properly adjudicated defendant a sexually violent offender. Criminal sexual act in the first degree is deemed a "sexually violent offen[se]" under Correction Law § 168-a(3)(a), and a person who commits that crime -or the equivalent—is defined as a sexually violent offender under Correction Law §168-a(7)(b). The SORA court correctly concluded that the People established, by clear and convincing evidence, that defendant's conduct constituted criminal sexual act in the first degree, requiring his designation as a sexually violent offender (see People v Bean, 190 AD3d 622, 623 [1st Dept 2021], lv denied 36 NY3d 913 [2021]). The evidence, including the victim's affidavit and other US Army investigative reports, submitted by the People at the SORA hearing, by which time defendant's conviction was nearly 14 years old, was properly relied on by the court. Among other things, the victim's statement was made under oath and corroborated, in part, by defendant's sworn statement admitting to the conduct, as well as US Army reports noting that defendant had been court-martialed for "forcible sodomy." The circumstances surrounding the making of the victim's statement, namely, defendant's court-martial proceedings and investigation, "bear indicia of reliability" (People v Mingo, 12 NY3d 563, 574 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024