People v Hubbard (2024 NY Slip Op 06132)

People v Hubbard

2024 NY Slip Op 06132

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Ind No. 71395/22 Appeal No. 3191 Case No. 2022-03673 

[*1]The People of the State of New York, Respondent,
v
Phyllis Hubbard, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Dany Greene of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 18, 2022, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed.
A comparison of the elements of defendant's federal conviction of conspiracy to commit sex trafficking by force, fraud, or coercion (18 USC §§ 1591[a], 1594[c]) with New York's sex trafficking statute (Penal Law § 230.34[5]), reveals several "points of overlap" where both offenses cover acting in agreement with another or an enterprise to induce an individual into engaging in prostitution activity through the use of force or the fear of the use of force, committed by the actor or another (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]). Although the federal offense criminalizes conduct affecting interstate or foreign commerce, a review of defendant's conduct underlying her conviction shows that it falls "within the scope of the New York offense" (id.). Here, defendant helped the codefendant and the prostitution enterprise by driving the victim to "prostitution appointments" and making and posting internet ads to promote the enterprise's "prostitution services." Accordingly, the conduct underlying defendant's federal case was also covered by the New York's sex trafficking statute, rendering her foreign conviction a registerable offense (see North, 8 NY3d at 753; see also People v Luck, 212 AD3d 535 [1st Dept 2023], lv denied 39 NY3d 915 [2023]). Therefore, the court correctly found that defendant's federal conviction is a registrable offense under SORA's essential elements test (see Matter of North, 8 NY3d at 753; Correction Law §§ 168-a[2][a][i]; [d][i]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024