People v McNeal (2025 NY Slip Op 00521)

People v Mcneal

2025 NY Slip Op 00521

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

22 KA 24-00099

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON K. MCNEAL, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), entered September 25, 2023. The order, among other things, determined that respondent is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act, and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.) based on his conviction in federal court, upon his plea of guilty, of conspiracy to commit sex trafficking of a minor (18 USC § 1594 [c]). We agree with defendant that County Court improperly assessed 20 points under risk factor four for engaging in a continuing course of sexual misconduct. Such a finding required the People to establish by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408 [2010]) that defendant had "engaged in a continuing course of sexual contact" by "either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Dupuis, 229 AD3d 1149, 1149-1150 [4th Dept 2024]). Although the evidence presented at the SORA hearing established that defendant "engag[ed] in sexual intercourse" with the victim, we conclude that the People did not establish by clear and convincing evidence that defendant engaged in the requisite sexual contact on more than one occasion. Moreover, under the circumstances of this case, defendant's actions underlying his conviction of conspiracy to commit sex trafficking of a minor do not warrant the assessment of points under risk factor four because the sexual acts that the victim committed with others do not constitute "sexual contact" between defendant and the victim or establish accessorial liability on the part of defendant for the sexual contact with others (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10; see People v Blue, 186 AD3d 1088, 1090 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; People v Dilillo, 162 AD3d 915, 916 [2d Dept 2018], lv denied 32 NY3d 905 [2018]; cf. People v Bracero, 214 AD3d 577, 577 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). Defendant's score on the risk assessment instrument, originally assessed at 80 points, must therefore be reduced by 20 points, which results in a total score of 60 points and renders defendant a presumptive level one risk. We modify the order accordingly.
In light of our determination, we do not reach defendant's remaining contentions.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court