People v Fink (2025 NY Slip Op 05706)

People v Fink

2025 NY Slip Op 05706

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-02604

[*1]The People of the State of New York, respondent,
v
James Fink, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 1, 2024, which, after a hearing, designated him a level one sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was found guilty by a United States military court-martial of sexual assault (see 10 USC § 920[b][2][B]). Upon his relocation to New York, the Board of Examiners of Sex Offenders assessed the defendant's risk level for registration as a sex offender under the Sex Offender Registration Act (SORA) (Correction Law art 6-C) and recommended that the defendant be designated a level one sexually violent offender. After a hearing, the County Court so designated the defendant. The defendant appeals.
Contrary to the defendant's contention, the County Court properly concluded that the foreign offense of which he was found guilty included all of the essential elements of the New York offense of sexual abuse in the first degree, for the purpose of determining whether he was a sexually violent offender (see id. § 168-a[3][b]; Penal Law § 130.65[2]; 10 USC § 920[b][2][B]; see also Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753). Since the New York offense of sexual abuse in the first degree, as defined in Penal Law § 130.65, is deemed a "sexually violent offense" for purposes of SORA, the court properly designated the defendant as a sexually violent offender (Correction Law § 168-a[3][a], [b]; see People v Golliver, 97 AD3d 734, 734).
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court